**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1618C

(Filed: February 15, 2018)

**(NOT TO BE PUBLISHED)**

**FILED**

**FEB 1 5 2018**

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                    )
FRANK M. BAFFORD,                   )
                                    )
                Plaintiff,          )
                                    )
v.                                  )
                                    )
UNITED STATES,                      )
                                    )
                Defendant.          )
                                    )
*************************************
```

Frank M. Bafford, *pro se*, Thonotosassa, FL.

Erin K. Murdock-Park, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the motion were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Frank Bafford, brings suit against the United States alleging a breach of contract by the Department of Housing and Urban Development ("HUD").[1]  The crux of his claim is that he was wrongfully prevented from making payments on a mortgage of his home and forestalled from defending against the resulting foreclosure, that HUD has assumed the defaulted mortgage from the lender, and that the United States is liable to Mr. Bafford for damages.

The government has moved to dismiss Mr. Bafford's complaint.  Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 7.  Mr. Bafford filed a Motion to Declare Transfer Void, ECF No. 9, to which the government responded with a motion to stay its response pending the court's resolution of the motion to dismiss, ECF No. 10.

---

[1] The court granted Mr. Bafford's motion to proceed *in forma pauperis* on January 4, 2018.

## BACKGROUND

Mr. Bafford has previously filed a number of cases in this court and in state and other federal courts relating to the same operative facts stated in his present complaint. *See, e.g., Bafford v. United States*, No. 11-546C, 2012 WL 1197139 (Fed. Cl. Apr. 5, 2012); Compl. Exs. at 3 (order striking Mr. Bafford's pleadings in the mortgage foreclosure action, *Midfirst Bank v. True Shepherd Bible Church, Inc.*, No. 29-2009-CA-023286 (Fla. 13th Jud. Cir. Ct. July 11, 2011));[2] Compl. Exs. at 4-7 (documents relating to a subsequent suit Mr. Bafford brought against Midfirst Bank, the lender on the foreclosed mortgage, *Bafford v. Midfirst Bank*, No. 11-CA-016597 (Fla. 13th Jud. Cir. Ct. Aug. 14, 2014), *aff'd*, No. 2D12-4621 (Fla. 2d Dist. Ct. App. Aug. 14, 2015)). Mr. Bafford also attached copies of orders relating to a suit he filed against Township Apartments Assocs., Ltd., but does not indicate why he believes those documents relate to his breach of contract claims arising out of the mortgage dispute with Midfirst Bank.[3]

In his case before this court in 2012, Mr. Bafford argued that the United States was answerable in damages for alleged wrongdoing associated with foreclosure of his house. *Bafford*, 2012 WL 1197139, at *1. He also attacked a judgment in the *Township Apartments* case "on the grounds that the district court lacked jurisdiction to enter judgment and award costs." *Id.* at *1 (citing *Bafford v. Township Apartments Assocs., Ltd.*, No. 8:06-cv-657-T-27TGW, 2007 WL 4247763 (M.D. Fla. Nov. 30, 2007), *aff'd*, No. 08-13072-F (11th Cir. Aug. 27, 2008), *cert. denied*, 555 U.S. 877 (2008)). The court dismissed Mr. Bafford's foreclosure claims on jurisdictional grounds, noting that "[t]he pleadings . . . show that the loan agreement was between private parties, and this court does not have subject matter jurisdiction to entertain controversies between private parties." *Id.* at *3 (internal citations and modifications omitted). The court also concluded that Mr. Bafford's allegations that Midfirst Bank was "acting under direct control and observance of HUD" did not sufficiently allege a contract with the United States because the regulation he cited "does not make Mid[f]irst Bank—or any other private lending institution—an agent of HUD." *Id.* The court finally concluded that "Mr. Bafford's purported contract with HUD is patently insubstantial and does not suffice as a ground for this court to exercise subject matter jurisdiction over his case." *Id.* (internal quotation marks and citations omitted). The court dismissed Mr. Bafford's complaint "without prejudice for lack of subject matter jurisdiction." *Id.* at *4.

---

[2] Mr. Bafford has designated documents appended to his complaint as exhibits, but because the attachments are irregularly identified, citations to the documents appended to his complaint will be made to the page number of the document appended to the complaint.

[3] As a court order appended to Mr. Bafford's complaint notes, Mr. Bafford filed at least five lawsuits in the United States District Court for the Middle District of Florida, pertaining to an attempt to purchase the Township Apartments. *See Bafford v. Township Apts. Assoc., Ltd.*, No. 8:08-OV-724-T-27TGW (M.D. Fla. Apr. 22, 2008). The fifth suit resulted in an anti-filing injunction being issued against him. *Id.* He also previously filed a complaint in this court against the United States District Court for the Middle District of Florida and the United States Court of Appeals for the Eleventh Circuit, again asserting claims arising out of his failed attempt to purchase the Township Apartments, among others. *See Bafford v. United States*, No. 09-030, 2009 WL 2391785 (Fed. Cl. Aug. 3, 2009).

In the present case, Mr. Bafford again alleges that a contract existed between himself and HUD and that HUD breached that contract. Compl. at 1. He claims that "a computer problem of Midfirst Bank prevented [him] from making a payment on his homestead," that the bank then prevented him from raising his defenses to foreclosure in the subsequent foreclosure proceedings, and that the bank "transferred all liability to HUD, making HUD liable under the contract." Compl. at 1.

As a remedy, Mr. Bafford requests $250,000, an amount he claims represents "lost value, for contents illegally taken out of premises, for emotional distress, and for the loss of use of the premises." He also appears to seek specific performance by requesting "the [c]ourt to order that [the United States] honor the [c]ontract." Compl. at 2.

## STANDARDS FOR DECISION

As plaintiff, Mr. Bafford bears the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The leniency afforded *pro se* litigants as to legal formalities does not extend to a lessening of the jurisdictional burden. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). This court has jurisdiction over "any express or implied contract with the United States," 28 U.S.C. § 1491(a)(1), and the bar for establishing subject matter jurisdiction over such claims is not high. *See Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) ("[J]urisdiction under [the Tucker Act] requires no more than a non-frivolous *allegation* of a contract with the government.") (emphasis in original) (citing *Lewis v. United States*, 70 F.3d 597, 602, 604 (Fed. Cir. 1995); *Gould, Inc. v. United States*, 67 F.3d 925, 929-30 (Fed. Cir. 1995)).

"The general rule is that so long as the plaintiffs have made a non-frivolous claim that they are entitled to money from the United States . . . because they have a contract right, this court has jurisdiction to settle the dispute." *Anchor Tank Lines, LLC v. United States*, 127 Fed. Cl. 484, 493 (2016) (citing *Adarbe v. United States*, 58 Fed. Cl. 707, 714 (2003)) (additional citations and internal quotations omitted). "The general requirements for a binding contract with the United States are identical for both express and implied contracts. The party alleging a contract must show a mutual intent to contract including an offer, an acceptance, and consideration." *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (citations omitted).

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added).

3

## ANALYSIS

### A. RES JUDICATA

In its motion to dismiss, the government first argues that Mr. Bafford's claims are barred by *res judicata* under either issue preclusion or claim preclusion. The government asserts that issue preclusion applies to bar Mr. Bafford's claim because "Mr. Bafford asks this [c]ourt to adjudicate virtually indistinguishable issues to the ones he previously raised. . . . [W]hether HUD breached a contract with Mr. Bafford was litigated in the first action[,] . . . this [c]ourt's decision that Mr. Bafford failed to establish a contract with HUD was essential to its decision that it lacked jurisdiction[, and] . . . Mr. Bafford had a full and fair opportunity to litigate the issue." Def.'s Mot. at 6. As to claim preclusion, the government submits that it too applies because "the parties are identical: both cases were brought by plaintiff . . . against the United States[;] . . . the first suit proceeded to final judgment on the merits; this [c]ourt dismissed Mr. Bafford's amended complaint for lack of jurisdiction[; and] . . . in both cases, Mr. Bafford's claims are based upon the same set of transactional facts." *Id.* at 6-7.

These arguments that *res judicata* applies to bar Mr. Bafford's complaint are unavailing. They presuppose that this court's decision dismissing his complaint constituted a "final judgment on the merits." Def.'s Mot. at 6-7. That assumption is not valid. Instead, this court's decision in 2012 dismissing Mr. Bafford's complaint was on its face *not* a decision on the merits: the court determined it lacked jurisdiction, and thus held that "the court *cannot hear* [Mr. Bafford's] claim for breach of contract." *Bafford*, 2012 WL 1197139, at *3 (emphasis added). Because the court determined it lacked jurisdiction to hear Mr. Bafford's claims, it had no power to proceed to their merits.

### B. LACK OF SUBJECT MATTER JURISDICTION

Nevertheless, the court concludes that Mr. Bafford's claims do not fall within the jurisdiction afforded to the court under the Tucker Act. Mr. Bafford's complaint asserts a breach of contract by the United States by citing four primary facts: (1) Midfirst Bank held a mortgage on his house; (2) a computer problem at Midfirst Bank prevented Mr. Bafford from making mortgage payments; (3) Midfirst Bank prevented Mr. Bafford from asserting defenses in the foreclosure proceeding; and (4) the United States is liable because Midfirst Bank's interest was assumed by HUD. *See* Compl. at 1. As this court noted in the prior decision, these same facts formed the operative core of Mr. Bafford's earlier complaint. *See Bafford* 2012 WL 1197139, at *1. In this most recent iteration of his claims, Mr. Bafford has proffered no new facts that would show that his claims are within this court's jurisdiction, including, importantly, no evidence to support his assertion that "Midfirst Bank has transferred all liability to HUD, making HUD liable under the contract." Compl. at 1.

Additionally, the foreclosure that forms the basis of Mr. Bafford's complaint appears to have been finally adjudicated in July 2011 and culminated in a judicial sale in August 2011 according to the case summary of the Florida state case. *See Midfirst Bank v. True Shepherd Bible Church, Inc.*, Case No. 09-ca-023286, Case Summary available at https://hover.hillsclerk.com/home.html (last visited Feb. 14, 2018). The pertinent statute of

limitations provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The statute of limitations accordingly expired before Mr. Bafford filed his present complaint.

Finally, to the extent Mr. Bafford's complaint seeks damages for alleged causes of action sounding in tort or arising under the criminal code, or requests equitable relief, *see* Compl. at 2, these claims fall outside this court's jurisdiction, *see* 28 U.S.C. § 1491(a)(1) ("[t]he United States Court of Federal claims shall have jurisdiction to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages *in cases not sounding in tort*") (emphasis added); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [C]ourt [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); *Doe v. United States*, 372 F.3d 1308, 1313 ("[T]he Court of Federal Claims . . . does not have general equitable powers.") (citing *United States v. Sherwood*, 312 U.S. 584, 589-91 (1941)).

The court concludes that Mr. Bafford has not carried his burden to establish this court's jurisdiction over his breach of contract claim because he has failed to make a non-frivolous allegation of a contract. As the court noted in 2012, "Mr. Bafford's purported contract with HUD is 'patently insubstantial.'" *Bafford*, 2012 WL 1197139, at 3.

## CONCLUSION

For the reasons stated, the court has no jurisdiction to consider Mr. Bafford's claims, and thus the court GRANTS the defendant's motion to dismiss.[4] The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[4] Mr. Bafford's Motion to Declare Transfer Void is DENIED, and the government's Motion to Stay is DENIED as moot.